[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13983
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cr-00376-VEH-HNJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO SANTIAGO-SANTIAGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 2, 2018)

Before WILSON, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Antonio Santiago-Santiago appeals his conviction following his conditional plea of guilt to possession with intent to distribute methamphetamine and cocaine, 21 U.S.C. § 841(a), (b)(1)(C). Santiago challenges the denial of his motion to suppress evidence, including cocaine and methamphetamine, seized after a traffic stop of a car he was driving. Because the district court committed no clear error in finding that Santiago voluntarily consented to the search of the car, we affirm.

The denial of a motion to suppress presents mixed questions of law and fact. *United States v. Delancy*, 502 F.3d 1297, 1304 (11th Cir. 2007). We review questions of law *de novo* and findings of fact for clear error. *Id.*

The Fourth Amendment provides, "T]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause." U.S. CONST. Amend. IV. Traffic stops are seizures under the Fourth Amendment. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). A traffic stop does not violate the Fourth Amendment if it is based on probable cause or reasonable suspicion that a violation has occurred. *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008). A traffic stop may last no longer than necessary to effectuate its purpose unless there is articulable suspicion of other illegal activity. *United States v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001). But "where a reasonable person would feel free to decline the officers' requests or otherwise

terminate the encounter, the encounter with the police is consensual, and the Fourth Amendment is not implicated." *United States v. Ramirez*, 476 F.3d 1231, 1238 (11th Cir. 2007) (internal quotation marks and citation omitted). A search is reasonable and does not require a  warrant if an officer obtains voluntary consent. *Schneckloth v. Bustamonte,* 412 U.S. 218, 222 (1973). Voluntariness  is a question of fact that we review for clear error. *Id.* at 227; *United States v. Spivey*, 861 F.3d 1207, 1212 (11th Cir. 2017).

The district court committed no clear error in finding that Santiago voluntarily consented to the search of his vehicle. Before he asked for consent to search the car, the officer told Santiago, in his first language of Spanish, that he was free to go. A reasonable person would have felt free to decline the request to search. *Ramirez*, 476 F.3d at 1238. After the officer asked for consent, Santiago responded in Spanish, "check it." Because the traffic stop had terminated when the officer asked for consent, it is irrelevant whether the officer had a suspicion of illegal conduct. *Id.* at 1240. Nothing in the record suggests that the officer employed any coercion in obtaining Santiago's consent. The district court did not err when it denied Santiago's motion to suppress.

**AFFIRMED.**

3